IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOLENE PHILLIPS,**

 **Plaintiff,**

**v.**                   **No. 16-cv-0374 SMV**

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of Social Security Administration,**

 **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] ("Motion"), filed on October 28, 2016. The Commissioner responded on January 6, 2017. [Doc. 22]. Plaintiff replied on February 7, 2017. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet her burden as the movant to show that the Administrative Law Judge ("ALJ") did not apply the correct legal standards or that her decision was not supported by substantial evidence. Accordingly, the Motion will be denied and the Commissioner's final decision affirmed.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on November 8, 2012. Tr. 12. She alleged a disability-onset date of April 15, 2011. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Karen Wiedemann held a hearing on June 24, 2014, in Metairie, Louisiana. *Id.*, Tr. 26−57. Plaintiff appeared by videoconference from Farmington, New Mexico, and was represented by an attorney. Tr. 12, 26–57. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Thomas J. Meunier, Jr. Tr. 10, 26–57, 149.

The ALJ issued her unfavorable decision on November 20, 2014. Tr. 21. She found that Plaintiff met the insured status requirements through March 30, 2016. Tr. 14. At step one she found that Plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability. *Id.* Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There she found that Plaintiff suffered from the following severe impairments: degenerative joint disease of the bilateral knees, remote history of a left tibia fracture—status post open reduction internal fixation ("ORIF"), ORIF of the left radius status post fracture, diabetes mellitus, and obesity. Tr. 14–15. Further she found that Plaintiff's hypertension and back pain were not severe at step two. Tr. 15.

At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 15. Because none of Plaintiff's

4

impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–20. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except [Plaintiff] should never climb ladders, ropes, scaffolds, but can occasionally climb ramps and stairs and engage in the occasional postural movements of balancing, stooping, couching and crawling. The claimant can occasionally engage in overhead reaching with the left upper extremity.

Tr. 15. At step four the ALJ found that Plaintiff was able to return to her past relevant work as a home attendant/personal care attendant, assembler, and general office clerk. Tr. 20. Therefore, the ALJ did not proceed to step five. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims. Tr. 21. The Appeals Council denied Plaintiff's request for review on March 24, 2016. Tr. 1–4. Plaintiff timely filed the instant action on May 2, 2016. [Doc. 1].

## Analysis

Plaintiff fails to show reversible error in the ALJ's assessment of her RFC. While she cites evidence that could support a more restrictive RFC, she fails to show that the RFC is not supported by substantial evidence or was the product of an incorrect legal standard. Similarly, Plaintiff fails to show reversible error in the ALJ's step-four findings regarding Plaintiff's past relevant work.

### Plaintiff fails to show reversible error in the RFC assessment.

Plaintiff attacks the RFC assessment in five ways, but none is persuasive. (1) She fails to show that the ALJ erred in assessing limitations resulting from the combined effects of her

5

obesity and knee problems. (2) Even if the ALJ erred in determining that her hypertension and diabetes were controlled, Plaintiff fails to show that the RFC is not supported by substantial evidence. (3) The ALJ correctly evaluated Dr. Anderson's opinion that Plaintiff was "unable to work." (4) Although not required to do so, the ALJ did evaluate Plaintiff's ability to walk/stand separate from the other demands of light work. (5) Plaintiff fails to show reversible error in the ALJ's evaluation of her credibility.

First, Plaintiff argues that the ALJ failed to consider how her obesity affects her other impairments. She concedes that the ALJ described the correct legal standard for evaluating the combined effects of obesity and other impairments and applied it to her upper body impairment. However, she urges that the ALJ failed to discuss the effect of her obesity on her knee pain. [Doc. 20] at 6–7 (citing Social Security Ruling ("SSR") 02-1p); [Doc. 23] at 2. Ultimately, Plaintiff challenges the finding that she could walk or stand six hours out of an eight-hour day. She argues that the evidence of her knee problems, especially considering her obesity, overwhelms the conclusion that she can stand/walk for six hours in an eight-hour day.

The ALJ agreed that Plaintiff suffered from severe knee impairments and obesity, among other severe impairments. Tr. 14–15. There is no dispute that Plaintiff's knee problems and obesity "significantly limit[ her] ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). The dispute here is about the extent of the limitations. The ALJ found that, as a result of all her impairments together, Plaintiff was limited to light work, i.e., standing and walking for six hours out of an eight-hour day. Tr. 20. Further, the ALJ found that Plaintiff could never climb ladders, ropes, and scaffolds, but could occasionally climb ramps and stairs

and occasionally engage in the postural movements of balancing, stooping, couching, and crawling.[4] Tr. 15. Plaintiff challenges the RFC assessment as not restrictive enough to account for the combined effects of her knee problems and obesity. The Court is not persuaded.

As an initial matter, the Court finds that the ALJ applied the correct legal standard in assessing Plaintiff's obesity. *See* SSR 02-1p. Even if the record evidence were sufficient to support further limitations (beyond those included in the RFC assessment), however, reversal would not be warranted. This Court lacks the authority to re-weigh the evidence. The standard here is whether the ALJ's findings are supported by substantial evidence—not whether substantial evidence could support some other finding. Having carefully considered the evidence cited by Plaintiff, [Doc. 20] at 3–4, 7–10; [Doc. 23] at 1–2, the Court finds that she fails to show how her impairments and resulting functional limitations are not adequately reflected in the RFC assessment.

Second, the ALJ found that Plaintiff's hypertension and diabetes were both controlled. Tr. 15, 17, 19. But Plaintiff cites to contrary evidence and urges that her blood pressure and diabetes were not under control. As she sees it, therefore, the RFC assessment lacks sufficient restrictions reflecting her uncontrolled blood pressure and diabetes. [Doc. 20] at 5–6; [Doc. 23] at 1–2. Even if the Court assumes that there is not substantial evidence to support the ALJ's findings that Plaintiff's hypertension and diabetes are controlled, reversal would not be warranted. These findings are but two of the numerous findings in the ALJ's RFC assessment and ultimate determination of non-disability. Tr. 14–20. Even omitting these challenged

---

[4] The ALJ limited Plaintiff in other ways that do not appear to be directly related to her knees and obesity. *See* Tr. 15.

findings, the RFC assessment is explained with good reasons that are themselves supported by substantial evidence. *Id.*

Third, the Court is not persuaded that the ALJ erred in evaluating Dr. Anderson's opinion. In a medical record dated July 31, 2013, Dr. Anderson noted that Plaintiff had osteoarthritis of the knees and was "unable to work." Tr. 432. Plaintiff argues that the ALJ was required to apply the familiar treating physician analysis to this opinion.[5] [Doc. 20] at 9–10 (citing *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011)).

Under the controlling regulations, the final responsibility for deciding the ultimate issue of whether a social security claimant is "disabled" or "unable to work" is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (internal quotation marks omitted). Consequently, an ALJ is not bound by a treating physician's opinion on the ultimate issue of

---

[5] Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:
> (1) the length of the treatment relationship and the frequency of examination;
> (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

disability, *id.*, and such an opinion is never entitled to controlling weight or special significance, *see* Social Security Ruling ("SSR") 96-5p, 1996 SSR LEXIS 2, at *14–15, 1996 WL 374183, at *1, 2, 5.

> However, opinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

SSR 96-5p, 1996 SSR LEXIS 2 at *6, 1996 WL 374183, at *3; *see also id.*, 1996 SSR LEXIS 2 at *17, 1996 WL 374183, at *1 (stating that a social security decision "must explain the consideration given to a treating source's opinion(s)" on an issue reserved to the Commissioner).

Given this framework, Dr. Anderson's opinion that Plaintiff was "unable to work," was not a "medical opinion" but, instead, was an opinion "on [an] issue[] reserved to the Commissioner." *See* 20 C.F.R. §§ 404.1527(e), 416.927(e). Therefore, the opinion was not entitled to controlling weight or any special significance, and the ALJ was not required to evaluate it under the treating physician rule. Instead, under SSR 96-5p, the ALJ was required to evaluate all the evidence in the case record to determine the extent to which the opinion was supported by the record. She did so. Tr. 20. She expressly stated that she had considered Dr. Anderson's opinion and listed other evidence that she found undermined it. *Id.* Plaintiff fails to meet her burden before this Court to show that anything more was required.

9

Fourth, Plaintiff faults the ALJ for failing to provide an explicit function-by-function analysis. [Doc. 20] at 10–11. She concedes that such analysis is not absolutely required. *Id.* at 10. However, she suggests that if the ALJ had discussed Plaintiff's ability to walk/stand separately from the other demands of light work (that is, completed a function-by-function analysis), the "RFC would be more conducive to review." *Id.* The Court finds, however, that the ALJ did explicitly address Plaintiff's ability to stand/walk separately from the other demands of light work. Tr. 20.[6] Plaintiff fails to show reversible error.

Plaintiff's final challenge to the RFC assessment is aimed at the credibility analysis. She argues that the ALJ misrepresented the extent of her activities of daily living ("ADLs"). She cites to *Krauser* for support. 638 F.3d at 1332–33. In that case, the ALJ had summarized the plaintiff's ADLs as follows: "In a typical day, the claimant stated that he exercised, watched television, did yard work, helped with housework, and did his own laundry." *Id.* at 1332 (internal quotation marks omitted). The Tenth Circuit Court of Appeals, however, found that the "specific facts behind the generalities paint[ed] a very different picture." *Id.* The court explained:

---

[6] Specifically, the ALJ found:

> The medical evidence supports the claimant's continued complaints of pain in the bilateral knees. She is diagnosed with osteoarthritis of the knees. One treating source opined that the claimant could not work secondary to pain in the knees. (Ex. 5F /20–21) Although this is a decision left up to the SSA Commissioner, and those she so deems, the undersigned did consider this opinion in determining the claimant's residual functional capacity. The medical evidence subsequent to this statement documents that the claimant received steroidal injections in both knees that helped with the pain. The claimant's statements of function document that she walks to where she has to go or takes public transport. She does household cleaning and chores that requires standing and walking, as well as reaching and handling. (Ex. 3E, 7E) *Therefore, the evidence supports that the claimant retains the ability to stand and walk for six hours out of an eight-hour day.*

Tr. 20 (emphasis added).

10

> First of all, the suggestion of substantial work in the yard on a daily basis is simply false. Mr. Krauser actually said that once every week or two he spends ten to fifteen minutes working in the yard. As for helping with housework (he lives with his sister and her husband), . . . Mr. Krauser specifically testified he did not sweep floors, did not do any cooking, only put dishes in the dishwasher, could just make a bed "halfway," and was unable to pick up things off the floor. The same need to assess generality in light of specifics is true of the reference to exercise: Mr. Krauser said he can only exercise for four or five minutes at a time, which he tries to do several times a day. As for watching television, that is hardly inconsistent with Mr. Krauser's allegations of pain and related concentration problems. Thus, when considered at a more detailed realistic level, Mr. Krauser's activities are more consistent with his claims of significant physical limitation than with the ALJ's conclusion that he is capable of full-time work at the medium exertional level.

*Id.* at 1332–33 (internal citations omitted).

Here, Plaintiff challenges the ALJ's finding that she cooks, washes dishes, does laundry, and sweeps. Plaintiff does not deny that she performs these ADLs. Nor does she suggest that the ALJ misrepresented the frequency that she performs them. Rather, she takes issue with the fact that the ALJ omitted that she must take breaks when she does these activities. [Doc. 20] at 11 (citing Tr. 44–45, 219, 245, 247). Plaintiff argues that omitting her need to take breaks renders the credibility finding "suspect." *Id.* She offers no other examples of specific facts behind the generalities that would paint a different picture than that portrayed by the ALJ. *See id.*; [Doc. 23] at 3. This example is not like the overstatements in *Krauser*. This argument is not persuasive.

Although ALJs need not discuss "every piece of evidence," *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996), their "findings as to credibility should be closely and affirmatively

linked to substantial evidence and not just a conclusion in the guise of findings," *Kepler*, 68 F.3d at 391 (internal quotation marks and brackets omitted). In this case, the ALJ found that Plaintiff was not entirely credible for at least two reasons that Plaintiff does not challenge. First, the ALJ found that in June of 2013, Plaintiff reported new difficulties (for example, in standing, walking, sitting, and others), which she had not reported in January of that year. Despite these additional difficulties, Plaintiff continued to engage in the same ADLs. Tr. 16. Second, the ALJ highlighted that Plaintiff had testified that her "orthopaedic condition continued to worsen," but the medical evidence showed increased function in her hand. Tr. 17. Although this Court might have reached a different conclusion than the ALJ, the evidence may not be re-weighed. The ALJs credibility findings are closely and affirmatively linked to substantial evidence. Plaintiff fails to show reversible error in the ALJ's assessment of her credibility.

<u>Plaintiff fails to show reversible error related to her past work.</u>

Plaintiff offers two challenges to the ALJ's findings at step four. First, she argues that the step-four findings must be reversed because they are premised on an incorrect RFC. [Doc. 20] at 12–13; [Doc. 23] at 4. However, the Court has rejected Plaintiff's challenges to the RFC. Accordingly, her challenges to the RFC as applied at step four are also rejected.

Second, Plaintiff challenges the ALJ's finding that she could return to the past job of assembler, Dictionary of Occupational Titles ("DOT") number 700.684-014. [Doc. 20] at 12–13 (citing Tr. 20). The job of assembler is actually a silver jewelry assembler and requires the worker to use jeweler's tools, including possibly a foot press. *Id.* at 13 (citing DOT 700.684-014). Plaintiff's past work, however, was bending oak sticks to make bows and arrows and

decorating them. *Id.* (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (requiring the ALJ to determine the demands of the plaintiff's past work)). There is no evidence that Plaintiff has ever worked with jewelry. Plaintiff is correct that there is not substantial evidence to support the ALJ's finding that Plaintiff ever performed the job of assembler DOT number 700.684-014. Thus, it was error for the ALJ to find at step four that she could "return" to working as an assembler. Nevertheless, this error does not warrant remand because the ALJ found that Plaintiff could return to two other past jobs: home attendant/personal care attendant and general office clerk. Tr. 20. These findings are sufficient at step four. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (even assuming two of three jobs relied on by the ALJ were erroneous, the court affirmed the ALJ's decision where substantial evidence showed the claimant could perform the third job).

## Conclusion

Plaintiff fails to show that substantial evidence does not support the ALJ's findings. She also fails to show that the ALJ failed to apply the correct legal standards. Accordingly, remand is not appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**